**Order entered December 20, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00152-CR

## JAVIER ARRIAGA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-55884-P**

## ORDER

Before the Court is appellant's December 12, 2022 fourth motion to extend the time to file his brief. Appellant's brief was due on September 14, 2022. The Court has granted appellant three previous extensions.

In his third motion to extend, appellant cited as grounds two minor defects in the record: a half-page of one volume of the reporter's record was blocked out and the clerk's record was missing the trial court's docket sheet. Appellant reported that his counsel had informed the district clerk about the missing docket sheet and

that a supplemental clerk's record would be filed shortly. Appellant further reported that appellate counsel was attempting to contact the court reporter about supplementing the reporter's record.

By order entered November 17, 2022, the Court granted appellant's third extension to allow counsel to rectify the issues with the record and complete appellant's brief. The order cautioned appellant that if his brief was not filed by December 14, 2022, the Court would abate this case to the trial court for a hearing on why the brief has not been filed and to address any outstanding issues with the record.

On November 28, 2022, the court reporter filed an amended volume of the reporter's record supplementing the missing lines of testimony. Although a supplemental clerk's record containing the docket sheet has not yet been filed, appellant's fourth motion to extend does not mention the docket sheet as a basis for further extension of his brief.

In accordance with the Court's November 17, 2022 order, we **DENY** appellant's fourth motion to extend the time to file his brief.

We **ORDER** the trial court to conduct a hearing to determine why appellant's brief has not been filed. The trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute the appeal, whether appellant is indigent, or if not indigent, whether retained counsel

has abandoned the appeal. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated when the findings are received or at such other time as the Court deems appropriate.

We **DIRECT** the Clerk to transmit a copy of this order to the Honorable Raquel Jones, Presiding Judge, 203rd Judicial District Court; to Felicia Pitre, Dallas County District Clerk; and to counsel for the parties.

/s/    LANA MYERS
        JUSTICE